1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHRISTOPHER HENRY YOUNG,

11              Petitioner,              No. CIV 05-2273 FCD GGH P

12        vs.

13   JEANNE WOODFORD, Director of
     California Department of Corrections
14   and Rehabilitation,                FINDINGS AND RECOMMENDATIONS

15              Respondent.

16   _____/

17   Introduction

18              Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28

19   U.S.C. § 2254.[1]  Respondent filed a motion for summary dismissal of the petition or,

20   alternatively, for a more definite statement.  Petitioner filed an opposition to the motion and also

21   filed a document entitled "petitioner's more definite statement," apparently intended as an

22   amended petition.  After a careful review of the record, this court must recommend granting

23   _____

24        [1] Petitioner also purports to bring this action pursuant to 28 U.S.C. § 2241 ("Reply to
     Motion," p.5), however, 28 U.S.C. § 2254 is the exclusive avenue for a state court prisoner
     challenging the constitutionality of his detention.  White v. Lambert, 370 F.3d 1005 (9th Cir.
25   2004).  Section 2254 is the proper vehicle even if petitioner is not challenging the underlying
     conviction itself, but administrative decisions.  Id. at 1007.

26

                                            1

1  respondent's motion for summary dismissal.

2  Petition/Amended Petition

3          Petitioner is serving a sentence of nine years and four months pursuant two

4  separate convictions, one arising in Stanislaus County, on July 17, 2003, and one from Tuolumne

5  County, on December 17, 2003.  Petition, p. 1; Motion to Dismiss (MTD), p. 3, Exhibit (Exh.) A,

6  Abstracts of Judgment; Classification Chrono dated December 7, 2005.  His Stanislaus County

7  conviction, resulting in a prison term of six years and eight months, arose from one count of

8  assault with a deadly weapon upon a peace officer (Cal. Penal Code § 245(c)), and one count of

9  evading a peace officer (Cal. Veh. Code § 2800.2), including a two-year sentence enhancement

10  as to the assault charge.  MTD, Exh. A, pp. 2, 4.  His Tuolumne County conviction, for one count

11  of auto theft (Cal. Veh. Code § 10851(a)), and one count of attempted auto theft (Cal. Veh. Code

12  664/10851(a)), including a two-year enhancement on the auto theft charge, resulting in a two-

13  year and eight-month sentence.  Petitioner was sentenced to the nine-year, four-month term

14  pursuant to an apparent agreement and guilty plea.  MTD, Exh. A, p. 4.

15          In his original petition, petitioner set forth the following as the sole ground of his

16  petition, concluding it with a reference to his attached memorandum:

17          Double Jeopardy and Ex Post Facto Violation to Increase a
           Determinate Sentence by Imposing Parole After a Completed
18          Sentence, Rather Than "Part Of" Sentence [:]
           In violation of the Separation of Powers, prison officials are using the "early
19          release" of parole as a sentence extension.  Under state law and the
           U.S. Supreme Court, parole is an administrative transfer as "part
20          of" the sentence; yet prison officials have informed petitioner he
           will serve his entire 9-year and 4-month sentence (with time and
21          credits) and then serve four more years on parole after sentence.

22  Petition, p. 4.

23          Respondent objects to petitioner's lack of clarity in framing his claim or any facts

24  in support of it.  Motion to Dismiss (MTD), pp. 4-7.  The court's review of petitioner's

25  supporting memorandum to the original petition makes relatively clear that the gravamen of his

26  claim is that he has been informed by prison officials that he will be compelled to serve the full

1  nine-year, four-month term in prison, as well as a three or four-year period of parole, taking into

2  account earned time credits that should be applied to reduce his term of incarceration but not

3  considering the early release to which he believes himself to be entitled.  Petition Mem., pp. 21-

4  42.

5           The court has also reviewed petitioner's later filed "more definite statement,"

6  submitted in evident response to one ground of respondent's motion, and his opposition to the

7  motion, which further clarifies that he is claiming that the future anticipated action of the

8  California Department of Corrections and Rehabilitation (CDCR), that would require him to

9  serve his prison term as well as a period of parole, violates the terms of his plea bargain, the state

10 Determinate Sentencing Law (DSL), specifically, Cal. Penal Code § 1170(c), and the federal

11 constitution.  "Reply to motion," pp. 2-4.  Petitioner asserts that state law makes parole a part of

12 and included in the sentence and that parole counts toward the sentence, such that parole cannot

13 be imposed after petitioner has actually served the prison term (including the application of time

14 credits).  Id., at p. 4.  Petitioner claims that it violates, inter alia, his constitutional rights to

15 compel him to agree to a sentence with the possibility of parole pursuant to "unambiguous

16 statutes," and then refuse to release him early on parole (or to force him to complete a prison

17 term and then to release him on a parole).  Id., at 5.

18 Motion to Dismiss

19          Respondent avers that the same deficiencies that plagued petitioner's claims

20 before the state courts in his petition are at issue in the instant petition.  MTD, p. 5.  Attached as

21 Exhs. B and C to the motion, are the Fifth Appellate District Court's ruling that petitioner not

22 only failed to raise any issues on appeal but did not respond to that court's invitation to

23 supplement his briefing; the Stanislaus County Superior Court, as to his habeas claims, raising

24 the same issues implicated herein, stated in relevant part:

25          Petitioner does not allege that he would be eligible for parole or
           that he has earned any conduct credits pursuant to Penal Code
26         Section 2933.  Petitioner does not provide any documentation from

1       the Department of Corrections concerning his anticipated parole
eligibility date or denial of conduct credits.  As such, the current
2       petition states insufficient grounds for relief.

3  MTD, Exh. C, p. 11.  Further, respondents observe that Cal. Penal Code § 3000(a)(1) specifically

4  requires, unless waived, a parole period for inmates upon their release from prison.  MTD, p. 5.

5  Noting further that "there is nothing in the petition indicating that a parole period was waived in

6  either of the above-mentioned felony convictions," respondent argues soundly that no

7  constitutional violation is set forth.  Id.

8  Opposition

9       Petitioner is adamant that if he is required to serve a period of parole as well as his

10  full prison term that state statutes as well as his constitutional rights will have been violated.

11  Reply to Motion, pp. 2-8; Petitioner's More Definite Statement, pp. 2-9.  "Petitioner is contesting

12  the transfer during a sentence as 'early release...on parole by CDCR to a period after the

13  determinate sentence has been completed."  Id., at 2.  He states that once his actual time served

14  and earned credits equal nine years and four months, prison officials will be extending his

15  sentence unconstitutionally by applying a period of parole.  Id.

16  Discussion

17       Petitioner claims that prison officials have told him that he will serve his entire

18  prison term, apparently only to be reduced by earned time credits.  Petitioner, however, produces

19  no record or documentation in support of this claim.  Further, the only documentation on which

20  any specificity as to a potential early parole release date (presumably the term that is designated

21  by the initials "EPRD") is included in the Classification Review Report included by respondent,

22  not petitioner.  MTD, Exh. B, p. 6.  That date is set forth as "2/21/08 @ ½," which appears to

23  suggest that with application of earned half-time credits petitioner's projected earliest date to be

24  released on parole would not be for more than another year.  However, the court will assume the

25  truth of the matter asserted.

26  \\\\\

1        The petition suffers substantively from petitioner's fundamental conceptual

2   miscue on the merits of his claims in that he does not view parole as part of his overall criminal

3   sentence.  It certainly is.  Under the Determinate Sentencing law, parole is not part of the prison

4   term, but is required to be served after release from prison.  <u>People v. Jefferson</u>, 21 Cal. 4th 86,

5   95-96, 86 Cal. Rptr. 2nd 893 (1999).  Thus, in California a "sentence" in which a defendant is

6   sent to prison is comprised of a prison term <u>and</u> a period of parole.  Nothing in <u>Morrissey v.</u>

7   <u>Brewer</u>, 408 U.S. 471, 92 S. Ct. 2593 (1972), a case concerned with procedures to be used for

8   parole revocation, created a constitutionally defined parole definition which was then binding

9   upon the state.  Rather, as background in reaching the procedure issues, the Supreme Court

10  generically described the practical effect of parole, i.e., it is generally granted prior to the time

11  one's stated prison sentence (just a part of the overall sentence) has not been completely served.

12  <u>Morrissey</u>, <u>supra</u>, was not attempting to constitutionally preclude parole from being part of one's

13  criminal sentence, even one completely served.  If petitioner had disclosed to his sentencing

14  judge that he would refuse to abide by parole conditions, the sentencing judge may well not have

15  accepted petitioner's guilty plea and ultimately petitioner might have been subject to the statutory

16  maximum prison sentence.  Moreover, nothing in the federal constitution would preclude a state

17  from mandating parole after service of a statutory maximum term.  Indeed, that is how the federal

18  sentencing laws are presently set up.  One serves a prison term (including a prison term that is a

19  statutory maximum), *and* one is also sentenced to supervised release with conditions (i.e., just

20  like a parole term).   The court finds that respondent's motion for summary dismissal should be

21  granted.

22       Accordingly, IT IS HEREBY RECOMMENDED that respondent's April 14,

23  2006, motion for summary dismissal of the petition be granted and this case be closed.

24       These findings and recommendations are submitted to the United States District

25  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

26  days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

3  shall be served and filed within ten days after service of the objections.  The parties are advised

4  that failure to file objections within the specified time may waive the right to appeal the District

5  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  DATED:  2/7/07

7                                                              /s/ Gregory G. Hollows

8  GGH:009                                          _____
   youn2273.fr                                       GREGORY G. HOLLOWS
                                                      UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26